(115 App. Div. 346.)

## In re KAFFENBURGH.

(Supreme Court, Appellate Division, First Department. November 5, 1906.)

**1. ATTORNEY AND CLIENT—DISBARMENT.**

Where an attorney of New York went to Texas to defeat an attempt to extradite D. to New York, his appearance in the courts of Texas being based on his being a member of the New York bar, and after obtaining the admission of D. to bail he entered into a scheme to get him into a foreign country by hiring a boat and leaving Texas, and when forced to return to Texas endeavored by an assumed name to avoid the officers, he was guilty of unprofessional conduct, deceit, and malpractice, for which he should be disbarred.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, § 51.]

**2. SAME—PRACTICING UNDER AN ASSUMED NAME.**

An attorney who in his practice assumes the name of one who has been suspended from practice because of a conviction of crime is guilty of fraud and malpractice, for which he should be disbarred.

**3. SAME.**

Practicing law is not a business, so that Pen. Code, § 363b, even if authorizing the carrying on of a business under an assumed name, does not apply to practicing law.

Proceeding for disbarment of Abraham H. Kaffenburgh, an attorney. Respondent disbarred.

Argued before O'BRIEN, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

PER CURIAM.  This is a proceeding instituted by the association of the bar of the city of New York against an attorney, asking that he be disbarred.  It appears that the respondent was a clerk with a firm of attorneys practicing law in New York City under the name of Howe & Hummel, of which Abraham H. Hummel was a partner; William F. Howe, a former member of the firm, having been dead for some years.  Hummel has been convicted of an offense, and has been suspended from practice pending an appeal from the judgment of conviction.  This conviction was based upon a conspiracy in an action for divorce in the Supreme Court of this state of Clemence Dodge against Charles F. Dodge.  After Dodge had been brought back to this state and had testified in a proceeding to set aside a decree of divorce obtained against him, which testimony he gave was false, Dodge went to Texas.  The proceeding having come to the attention of the district attorney, he endeavored to procure the extradition of Dodge from the state of Texas.  Hummel advised the parties who had retained him that it was necessary to keep Dodge away from New York. The respondent, with a partner of Hummel and another clerk, went to Texas and endeavored to prevent Dodge's extradition.  The proceedings instituted by this respondent included habeas corpus proceedings before the courts of Texas, and pending the hearing of this proceeding Dodge was admitted to bail.  Having thus procured Dodge's release, the respondent chartered a boat and started to take Dodge to Mexico in order to avoid the extradition proceedings.  The captain of the boat, not having the necessary papers to enable him to enter

the Mexican port, refused to go to Mexico, and returned to Texas, whereupon Dodge and this respondent under an assumed name endeavored to escape, but were finally captured. Dodge was finally brought back to New York and testified on the trial of Hummel. An answer was filed by the respondent which makes no denial of any of the allegations as to the respondent's acts in Texas. Upon the petition and answer a motion was made for an order suspending the respondent from practicing as an attorney and counsellor, or for an order appointing a referee to take proof as to his conduct and report upon the same to this court.

From an affidavit upon which this application was based it appeared that, after Hummel was convicted of conspiracy and suspended from practice, this respondent, although not Hummel's partner, filed a certificate with the county clerk to the effect that he was continuing the business of the firm of Howe & Hummel, and that he appropriated that name to himself alone; and since the suspension of Hummel this respondent has been continuing the practice of the law under the name of Howe & Hummel, and has appeared as attorney for various parties in actions upon the calendar of this court under the name of Howe & Hummel. It thus appears that this respondent, an attorney of this court, is engaged in practicing law and appearing generally in actions and special proceedings under the firm name of Howe & Hummel; Howe being dead and Hummel suspended from practice. These facts are not denied or in any way explained, the brief submitted expressly admitting them, but claiming that they constitute no offense or professional impropriety, and that there was no occasion to appoint a referee to prove or disprove the admitted facts.

The question is, therefore, whether an attorney of this court, conducting himself as heretofore described, should be permitted to continue the practice of law. The respondent went to Texas to defeat an attempt to extradite Dodge to the county of New York. His appearance in the courts of Texas and his position there were based upon the fact that he was a member of the bar of the state of New York. He was entitled to resist the extradition of his client by all lawful means, but when, having obtained his client's admission to bail, he entered into a scheme to get his client out of the jurisdiction of the Texas court and into a foreign country by hiring a boat and leaving Texas, and, when forced to return to Texas he endeavored to avoid the officers of the law by an assumed name, he was guilty of conduct that was unprofessional, and guilty of deceit and malpractice, which makes it quite improper for him to remain a member of the profession.

In connection with this conduct we should notice the method that he has adopted in practicing the law since his employer's conviction and suspension from practice. By section 55 of the Code of Civil Procedure a party to a civil action may prosecute or defend the same in person or by attorney. Section 56 of the Code of Civil Procedure, which relates to the admission of attorneys to practice law, provides for a board of law examiners to examine all persons applying for admission to practice. Such board shall certify to the Appellate Division of the Supreme Court as to every person who shall pass such examination. Upon such certificate, if the Appellate Division of the Supreme

Court shall find such persons of good moral character, it shall enter an order licensing and admitting him to practice as an attorney and counsellor to all the courts of this state. By section 59 of the Code of Civil Procedure a person admitted as prescribed in the preceding sections must upon his admission take the constitutional oath of office and subscribe his name in a roll or book to be kept in the office of the clerk of the Appellate Division of the Supreme Court for that purpose, and any person thus complying with the provisions of this section of the Code and admitted to practice as an attorney and taking the constitutional oath of office becomes a public officer, and as such public officer he becomes entitled to appear and prosecute and defend actions in the courts of the state. Section 63 of the Code of Civil Procedure provides that a person shall not ask or receive directly or indirectly compensation for appearing as attorney in a court of law or before any magistrate in the city of New York, or make it a business to practice as an attorney in a court or before a magistrate in said city, unless he has been regularly admitted to practice as an attorney and counsellor in the courts of record of this state. By section 64 of the Code of Civil Procedure a person who violates these provisions is guilty of a misdemeanor and shall be punished by imprisonment in the county jail or by a fine. By section 72 of the Code of Civil Procedure it is provided that, if an attorney knowingly permits a person not being his general law partner or a clerk in his office to prosecute or defend an action in his name, he and the person who so uses his name each forfeits to the party against whom the mandate has been sued out or the action prosecuted or defended the sum of $50, to be recovered in an action. This right to prosecute or defend an action or special proceeding is a personal right vested in the officer who has been duly appointed and taken the constitutional oath of office. When thus duly constituted an attorney and counsellor at law, he becomes a part of the judicial machinery of the state to assist the administration of justice. He is not engaged in conducting and prosecuting a business in this state within section 363b of the Penal Code, and no certificate he could file would authorize him to practice law and prosecute and defend actions in the name of a dead man and a man suspended from practice. It is entirely clear that section 363b of the Penal Code has no application. In the first place, that section does not authorize any person to carry on any business upon the filing of a certificate. It is a penal provision which provides that no person shall hereafter carry on or conduct or transact business in this state under any assumed name or under any designation, name or style, corporate or otherwise, other than the real name or names of the individual or individuals conducting or transacting such business, unless such person shall file in the office of the clerk of the county a certificate setting forth the name under which the business is or is to be conducted or transacted. Any person or persons carrying on or conducting the business as aforesaid who shall not comply with the provisions of this act shall be guilty of a misdemeanor. The section contains no express authority for carrying on any business under an assumed name, but the individual who carries on such business, except upon complying with these conditions, is guilty of a crime.

If, however, a person was expressly authorized to carry on a business upon complying with such conditions, that would clearly have no relation to the right of an officer of the court in appearing to prosecute and defend actions where such right is purely personal and vested in the officer appointed for that purpose. Here this respondent had assumed to use the name under which he is practicing law of a person whom this court has suspended in consequence of his conviction of a crime. Section 67 of the Code of Civil Procedure provides that an attorney and counsellor who is guilty of any deceit or malpractice may be suspended from practice or removed from office by the Appellate Division of the Supreme Court.

We think the particulars above mentioned also establish that the respondent has been guilty of such fraud and malpractice as requires us to remove him from his office as attorney and counsellor at law.

The application should, therefore, be granted, and the respondent stricken from the rolls of attorneys of this court.